### SCHMIDT *v.* BARRY.

*(Superior Court of Buffalo, General Term. June 16, 1891.)*

SALE UNDER EXECUTION—VALIDITY—POSTING NOTICES.

Where a constable levies on personal property in one town, but posts notices in and sells in another, in violation of Code Civil Proc. N. Y. § 3029, which provides that the constable, after making a levy, shall "immediately post conspicuously, in at least three public places of the * * * town in which the property was taken, written or printed notices, signed by him, describing the property, and specifying the place * * * within the same town where, and the time, not less than six days after the posting, when, it will be exposed for sale," the sale is void, and a purchaser having notice of the levy, where and when made, takes no title under such sale, and he or his vendee must restore the property at the suit of the execution debtor.

Appeal from municipal court.

Action by Anthony Schmidt against Edward Barry. From a judgment for defendant, plaintiff appeals.

Argued before BECKWITH, C. J., and TITUS and HATCH, JJ.

*F. R. March,* for appellant.

HATCH, J. The action is replevin to recover possession of a buggy. Upon the trial it appeared that one Steinmiller had recovered a judgment in the municipal court against plaintiff, upon which execution was issued, and placed in the hands of a constable. At the request of Steinmiller, the constable went with him to the residence of plaintiff, in the town of Amherst, and there levied upon the buggy, and removed it to the house of Ambrose, at the corner of Delevan avenue and Main street, in the city of Buffalo, and advertised it for sale at that place. On the day of sale the property was bid in by Steinmiller for the amount due upon his judgment, who thereupon took possession of the same, and subsequently sold it to the defendant herein. Plaintiff paid the amount due upon the execution, about the time of the sale, to the constable's wife, by a prior arrangement made with him, but before he saw the constable the sale had taken place, and Steinmiller had left with the property. Thereafter plaintiff found the property in the possession of defendant, from whom he demanded it, and, upon his refusal to deliver it, brought this action. As the case now stands, plaintiff has paid the judgment and been deprived of his property. The residence of plaintiff was in the town of Amherst, and it was there that the levy was made. The command of the statute to the constable, after levy made, is to "immediately post conspicuously, in at least three public places of the * * * town in which the property was taken, written or printed notices, signed by him, describing the property, and specifying the place within the same * * * town where, and the time, not less than six days after the posting, when, it will be exposed for sale." Code Civil Proc. § 3029. The evidence shows that there was an utter disregard of this statute. No notices were posted in the town where the levy was made, nor was the property sold therein. In violation of the statute, the constable proceeded to post notices in the city of Buffalo, and to sell the property therein. For this proceeding no warrant in law is found. The sale was void, and the purchaser took no title. Steinmiller had notice of the levy, where and when made, and the place of sale; consequently he was chargeable with knowledge that he took no title. *Earle v. Willard,* 5 Wkly. Dig. 155; Crock. Sher. § 1085. There being no title to the property in Steinmiller, he could convey none. The judgment is reversed, with costs. All concur.